IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

REBECCA A. MULLEY,

    Plaintiff,

v.                                              Civil Action No. 5:04CV121
                                                                    (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On August 31, 2005, Magistrate Judge James E. Seibert submitted a report and recommendation finding that the opinion of the Administrative Law Judge ("ALJ") was supported by substantial evidence, and indicating that the plaintiff's motion for summary judgment in the above-styled civil action be denied and that the defendant's motion for summary judgment be granted.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed objections to the magistrate judge's report and recommendation on the following issues: (1) ALJ's consideration of plaintiff's combined impairments; (2) ALJ's consideration of plaintiff's subjective complaints of pain; (3)

ALJ's treatment of opinions of plaintiff's treating physicians; (4) whether the ALJ's hypothetical was appropriate.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

Accordingly, this Court reviews de novo the magistrate judge's findings to which the plaintiff has objected. All other findings of the magistrate judge are reviewed for clear error.

## II. Facts

On March 10, 2000, the plaintiff filed for Disability Insurance Benefits ("DIB") alleging disability since September 28, 1999. This initial application was denied, and following a hearing on September 27, 2001, the claim was again denied. The plaintiff filed a second application for DIB on October 23, 2001 and following a second hearing, the ALJ held that the plaintiff was not disabled within the meaning of the Act. On September 3, 2004, the

2

Appeals Council denied plaintiff's request for review of the ALJ's decision.

### III.  Legal Standards

A.  Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence.  See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

B.  Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23

(1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

4

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

As stated above, the plaintiff objects to (1) the ALJ's consideration of plaintiff's combined impairments; (2) the ALJ's consideration of plaintiff's subjective complaints of pain; (3) the ALJ's treatment of opinions of plaintiff's treating physicians; (4) the ALJ's hypothetical to the vocational expert. This Court addresses each of the objections in turn.

### A. Combined Impairment

Plaintiff argues that her mental impairments are well documented in the record, and that the ALJ was required to consider the plaintiff's mental impairments when determining her overall Residual Functional Capacity ("RFC"). The plaintiff contends that the magistrate judge erred by finding that the ALJ properly considered mental impairments.

This Court finds the plaintiff's objection to be without merit. As stated by the magistrate judge and recognized by the ALJ in this case, an ALJ must consider "the combined effect of all the individual's impairments . . . without regard to whether any such

impairment if considered separately would be sufficiently severe."
Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989)(internal
quotations omitted)(citing 42 U.S.C. § 423(d)(2)(c) and Hines v.
Bowen, 872 F.2d 56, 59 (4th Cir. 1989)). This Court finds that the
ALJ did just that. The ALJ's opinion considered evidence of mental
impairments such as "cognitive disorder," "hypersomnolence," and
"dysthymic disorder." (R. at 25.) Moreover, the ALJ's findings
with regard to the plaintiff's RFC makes specific allowances for
"the claimant's mental limitations." (R. at 27.) Accordingly,
this Court finds the ALJ evaluated the plaintiff's combined
impairments and appropriately considered the combined effects of
the plaintiff's mental limitations that were supported by the
record.

B. Subjective Complaints of Pain

Plaintiff next argues that evidence related to her subjective
complaints of pain was "not necessarily conflicting," and
therefore, that the ALJ necessarily erred in finding the evidence
failed to support pain to the degree alleged by the plaintiff.
(Pl.'s Obj. at 3.) However, the test is not whether the
plaintiff's testimony is "not necessarily conflicting," but whether
substantial evidence supports the ALJ's finding that the
plaintiff's testimony with regard to pain was not credible to the
extent that her pain precluded her from performing a range of light
work detailed. See 42 U.S.C. § 405(g) ("The findings of the

6

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . .").

As stated above "substantial evidence" means "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Moreover, "it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456. Here, the ALJ balanced the plaintiff's testimony regarding her ability to read and concentrate, her testimony regarding migraines, her testimony about her ability to lift objects, and compared the testimony to the plaintiff's daily activities, the medical opinions of Dr. Ream and Dr. Romano regarding the plaintiff's physical improvements, and the opinions of Dr. Govindan regarding improvements in the plaintiff's ability to sleep. This Court finds that the record as a whole is sufficient to support the ALJ's conclusion that the plaintiff's complaints of pain were not entirely credible.[1]

C.  Treating Physicians

Plaintiff objects that the ALJ did not properly consider the opinion of the plaintiff's treating physicians. The plaintiff argues that the ALJ erred by concluding that the opinions of

---

[1]It is important to note that the ALJ did not completely reject the plaintiff's testimony but simply adjusted her RFC as supported by substantial evidence.

7

treating physicians were (1) based primarily on the claimant's subjective complaints, (2) not supported by substantial evidence, and (3) actually conflicted with substantial evidence. The plaintiff maintains that a 1999 sleep study supports the plaintiff's claim that she suffered from disabling fatigue, and that objective tests of the plaintiff's brain supported her claim that she has suffered from headaches, dizziness, and memory problems.

This Court finds no merit in the plaintiff's argument regarding disabling fatigue. The report cited by the plaintiff mentions the 1999 sleep test, but concludes only that "patient <u>may</u> benefit with second night study with CPAP and/or BIPAP or oxygen." (R. at 522)(emphasis added). A follow-up report specifically states, "With regard to her narcolepsy type symptoms, I mentioned to her that the sleep lab test does <u>not</u> show narcolepsy." (R. at 513)(emphasis added). Moreover, Dr. Govindan states "With regard to her sleep study, there is <u>no evidence</u> of apnea." (R. at 513)(emphasis added).

In addition, there was substantial evidence that the plaintiff's drug regiment was successfully treating her sleepiness. For example, Dr. Govindan reported that Provigil was "allowing [the plaintiff] to deal with her daytime sleepiness." (R. at 638.) The plaintiff's own testimony supports this assessment:

> Q: Are you getting any -- are you still taking medicine for daytime sleepiness?

>    A: Yes. Dr. Gavidin switched me to Provigil.
>
>    Q: Okay. Does that help?
>
>    A: It helps keep me awake, but I still feel like I'm moving in slow motion.

(R. at 758.)

Similarly, this Court rejects plaintiff's argument with regard to the plaintiff's brain tests. While some of the plaintiff's brain tests were consistent with alleged symptoms of headaches, dizziness and memory loss as the plaintiff contends, the treating physicians did not agree that the tests were conclusive. Dr. Govindan specifically stated that "the exact relationship of head injury to her symptoms is not clear." (R. at 513)(emphasis added). For example, Dr. Govindan indicated that: "The findings on the SPECT may be a reflection of the previous history of a head injury but also can be part of the chronic fatigue type presentation." (R. at 513.) In contrast, the plaintiff is consistently reported as being alert, oriented and cooperative. See e.g., R. at 502, 516, 638.

Accordingly, this Court finds substantial evidence supports the ALJ's findings with regard to the plaintiff's treating physicians.

   D.   Hypothetical

The plaintiff's argument regarding hypothetical questions rests on her contention that the ALJ failed to properly assess the plaintiff's RFC. As stated above, this Court finds that the ALJ's

9

assessment of the plaintiff's RFC is supported by substantial evidence. Moreover, this Court finds that the hypothetical questions posed by the ALJ properly incorporated limitations evident from her RFC. Accordingly, this Court finds that the ALJ's hypotheticals were appropriate and supported by substantial evidence.

## V. Conclusion

After reviewing the magistrate judge's findings, this Court agrees that the ALJ's decision was supported by substantial evidence, that the plaintiff's objections are without merit, that the defendant's motion for summary judgment should be granted, and that the plaintiff's motion for summary judgment should be denied. This Court concludes that there are no remaining genuine issues of material fact for this Court to consider.

For the reasons stated above, this Court ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, it is ORDERED that the summary judgment motion of the defendant be GRANTED and the plaintiff's motion for summary judgment be DENIED. It is further ORDERED that the plaintiff's alternative request to remand be DENIED and that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    November 10, 2005

<pre>
                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE
</pre>